**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE: Sprouts Farmers Market Incorporated Employee Data Security Breach Litigation**<br><br>**This Order Relates to: All Actions** | No. MDL 16-02731-PHX DLR<br><br>**CASE MANAGEMENT ORDER NO. 1** |

This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of October 11, 2016, (Doc. # 2), as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer Order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court. The actions described above are consolidated for pretrial purposes.

I. **APPOINTMENT OF STEERING COMMITTEE, LEAD COUNSEL AND LIAISON COUNSEL**

This section addresses the organizational structure and appointments for all matters that are part of, or will be part of, this consolidated action.

A. **Plaintiffs' Steering Committee**

The Plaintiffs' pretrial activities in this case shall be generally managed by the Plaintiffs' Steering Committee ("PSC"). Such PSC shall be made up as follows:

> David H. Miller
> Position: PSC member and Lead Counsel
> Sawaya & Miller Law Firm
> 1600 Ogden Street
> Denver, Colorado 80218
> 303-839-1650 x 1090 (Telephone)
> 720-235-4380 (Facsimile)
> DMiller@sawayalaw.com
>
> Scott B. Cooper
> Position: PSC member and Liaison Counsel
> The Cooper Law Firm, P.C.
> 4000 Barranca Parkway, Suite 250
> Irvine, California 92604
> 949-724-9200 (Telephone)
> 949-724-9255 (Facsimile)
> scott@cooper-firm.com

**B.     Lead Counsel**

Plaintiffs shall be represented by one attorney to serve as Lead Counsel. Lead Counsel shall coordinate with members of the PSC and Liaison Counsel as required by the course of the pretrial proceedings.

The Defendant shall be represented by one attorney to serve as Lead Counsel. Lead Counsel shall coordinate with co-counsel as required by the course of the pretrial proceedings.

1     **1.     Plaintiffs' Lead Counsel**

2           The following attorney has been selected as the Plaintiffs' Lead Counsel;

3     therefore, the Court designates him to serve in that position:

4

5           David H. Miller
            Sawaya & Miller Law Firm
6           1600 Ogden Street
            Denver, Colorado 80218
7           303-839-1650 x 1090 (Telephone)
            720-235-4380 (Facsimile)
8           DMiller@sawayalaw.com
9

10

          **2.     Defendant's Lead Counsel**
11
            The following attorney has been selected to serve as the Defendant's Lead
12
      Counsel; therefore, the Court designates him to serve in that position:
13

14          Paul G. Karlsgodt
15          Baker & Hostetler, LLP
            1801 California Street, Suite 4400
16          Denver, Colorado 80202
            303-861-0600 (Telephone)
17          303-861-7805 (Facsimile)
            pkarlsgodt@bakerlaw.com
18

19

20          **3.     Responsibilities of Lead Counsel**

21          Lead counsel shall be generally responsible for coordinating the activities of their

22    respective group (Plaintiffs or Defendant) during pretrial proceedings and shall:

23                  a.     Determine (after such consultation with other members of

24    their Steering Committee and other counsel as may be appropriate) and present (in briefs,

25    oral argument, or such other fashion as may be appropriate, personally or by a designee)

26    to the Court and opposing parties the position of their parties on all matters arising during

27    pretrial proceedings;

28                  b.     Coordinate the initiation and conduct of discovery on behalf

- 3 -

of their group consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. Conduct settlement negotiations on behalf of their group, but not enter into binding agreements except to the extent expressly authorized;

d. Delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner to ensure that pretrial preparation for their group is conducted efficiently and effectively;

e. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f. Prepare and distribute periodic status reports to the parties;

g. Maintain adequate time and disbursement records covering services as lead counsel;

h. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

i. Perform such other duties as may be incidental to proper coordination of their group's pretrial activities or authorized by further order of the court; and

j. Appoint additional committees, as necessary, including but not limited to expert, discovery, trial, and settlement committees.

## C.   Liaison Counsel

### 1.   Plaintiffs' Liaison Counsel

The following attorney has been elected as the Plaintiffs' Liaison Counsel; therefore, the Court designates him to serve in that position:

Scott B. Cooper
The Cooper Law Firm, P.C.
4000 Barranca Parkway, Suite 250
Irvine, California 92604
949-724-9200 (Telephone)
949-724-9255 (Facsimile)
scott@cooper-firm.com

Plaintiffs' Liaison Counsel shall:

a.      Serve as intermediary between Plaintiffs' counsel and the Court;

b.      Maintain and distribute to co-counsel an up-to-date service list;

c.      Receive and, as appropriate and necessary, distribute to co-counsel orders from the Court and documents from opposing parties and counsel (to the extent those co-counsel have not already been served with the document by the ECF system); and

d.      Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

### 2.      Defendant's Liaison Counsel

The Defendant's Lead Counsel shall serve in the capacity of Liaison Counsel, as needed, fulfilling for Defendants' counsel the same duties with respect to any (additional) defendants as described above for Plaintiffs' Liaison Counsel.

## II.      GENERAL CASE MANAGEMENT

### A.      Generally

#### 1.      Orders

The Clerk shall serve each Order electronically to all counsel who have registered for electronic service pursuant to the ECF system. The Clerk shall deliver a copy of each order to all Liaison Counsel for distribution as appropriate to other counsel not registered

for ECF service on their respective sides of this proceeding.

**2.    Electronic Filing and Service**

The parties are expected to follow the District of Arizona's policies and procedures on Electronic Case Filing ("ECF"). Any document which pertains to an individual case must be cross-filed, electronically through ECF, to the master docket for MDL No. 16-2731 and to the individual civil action docket. Electronic case filing of a document in the master file shall be deemed to constitute proper service on all parties. Discovery and other documents not filed with the Court shall be served by electronic mail on the Liaison Counsel of the party served.

**3.    Separate Dockets and Files**

The Clerk shall maintain a separate docket and case files for each case removed to, or transferred to, this Court. Each such case will be assigned a new case number, if not already done so, in this Court.

**4.    Captions and Filings Related to "All Actions"**

Orders, pleadings, motions and other documents will bear captions similar to that of this Order. If generally applicable to all coordinated actions, they shall include in their caption the notation that "This Document Relates to All Actions" and shall be filed and docketed only in the master file for MDL 16-2731-DLR.

**5.    Other Items**

a.    Counsel who entered an appearance in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

b.    All attorneys who have entered an appearance in these coordinated cases will receive notification of documents which are e-filed in this case. Any attorney who has not previously entered an appearance and wishes to receive notification of filings in the case must enter an appearance in this Court.

c.    No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Rule 83.1 of the Rules of this court are waived as to any attorney appearing in these actions who is duly admitted to practice

before any United States Court.

                d.      Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by the Court upon application.

                e.      This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be coordinated as part of the Sprouts Farmers Market Incorporated Employee Data Security Breach Litigation, upon either party's information and belief that the matter should be so coordinated.

## III.    STATUS CONFERENCES

### A.    Regularly Scheduled Conferences

The Court intends to schedule and hold status conferences approximately every six (6) weeks. Counsel for each side shall meet and confer in advance of each status conference and submit to the Court a joint agenda and status conference report listing all matters and motions to be considered by the Court at the status conference forty-eight (48) hours prior to each scheduled conference.

### B.    Telephonic Conferences

Telephonic conferences may be conducted at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties receive at least forty-eight (48) hours' notice. The parties shall provide the Court with a proposed agenda twenty-four (24) hours prior to the telephonic conference. The Court may initiate conference calls on procedural or scheduling matters.

## IV.    DISCOVERY PROCEDURES

A Case Management Order related to discovery procedures will be entered separately. The parties shall confer and attempt to agree on the timing and scope of the production of materials relevant to Defendant's anticipated motion(s) to compel arbitration. Thereafter, if the case proceeds in this forum, and after further consultation between the counsel for the parties, Plaintiffs shall formulate a proposed Case

Management Order outlining a discovery schedule, shall review their proposed discovery schedule with Defendants, and shall submit their agreed upon Case Management Order to the Court for approval.

## V.      ATTORNEYS' TIME AND EXPENSE RECORDS

Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

### A.      General Guidelines

1.      All time and expenses submitted must be incurred only for work authorized by the Plaintiffs' Steering Committee.

2.      These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 16-2731-DLR.

3.      Time and expense submissions must be submitted timely, on a quarterly basis, to Plaintiffs' Lead counsel, David H. Miller for compilation.

4.      The first submission is due on January 15, 2017, and should include all time through December 31, 2016. Thereafter, time records shall be submitted on the 15th of each third month (April, July, October, and January) and shall cover the time period through the end of the preceding quarter.

### B.      Time Reporting Guidelines

1.      Only time spent on matters common to all claimants in MDL 16-2731- DLR will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted.

2.      All time must be accurately and contemporaneously maintained. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of XX"). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

3.      All time for each firm shall be maintained in tenth-of-an-hour increments. Failure to do so may result in time being disallowed.

**C.      Expense Reporting Guidelines**

1.      Advanced costs will be deemed as either "Shared"or "Held."

a.      Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 16-2731-DLR Fund account to be established by Plaintiffs' Lead Counsel and to be funded by all members of the PSC and others as determined by the PSC. The Fund account will be administered by Lead Counsel David H. Miller.

b.      Held Costs are those that will be carried by each attorney in MDL 16-2731-DLR and reimbursed as and when determine by the Court.

2.      Each member of the PSC will contribute to the Plaintiffs' Steering Committee MDL 16-2731-DLR Fund at times and in amounts sufficient to cover the Shared Costs of the MDL. The timing and amount of each assessment will be determined by the PSC. All such assessments shall be subject to final accounting at an appropriate time.

3.      Shared Costs. Shared Costs are costs incurred for the common benefit of the MDL as a whole. No client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All

1    Shared Costs must be approved by Plaintiffs' Lead Counsel prior to

2    payment.

3    Shared Costs include:

4        a.    Court, filing and service costs;

5        b.    Deposition and court reporter costs;

6        c.    Document Depository: creation, operation, staffing,

7            equipment and administration;

8        d.    Plaintiffs' Lead Counsel administrative matters (e.g. expenses

9            for the administrative duties set out herein including

10           equipment, technology, courier services, long distance,

11           telecopier, electronic service, photocopy and printing,

12           secretarial/temporary staff, etc.);

13       e.    PSC group administration matters such as meetings and

14           conference calls;

15       f.    Legal and accountant fees;

16       g.    Expert witness and consultant fees and expenses;

17       h.    Printing, copying, coding, scanning (out-of-house or

18           extraordinary firm cost);

19       i.    Research by outside third party vendors/consultants/attorneys;

20       j.    Common witness expenses including travel for Lead Counsel

21           and PSC members;

22       k.    Translation costs;

23       l.    Bank or financial institution charges; and

24       m.    Investigative services.

25   Plaintiffs' Lead Counsel shall prepare and be responsible for distributing to

26   the appropriate plaintiffs' counsel and the PSC reimbursement procedures

27   and the forms associated therewith. Request for payments should include

28   sufficient information to allow Plaintiffs' Lead Counsel to account properly

for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Lead Counsel.

4.      Held Costs. Held Cost records shall be submitted to Plaintiffs' Lead Counsel on a quarterly basis. Held Costs are costs incurred for the global benefit of the MDL. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered held costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

      a.      Telefax charges;

      b.      Postage, shipping, courier, certified mail;

      c.      Printing and photocopying (in-house);

      d.      Computerized research – Lexis/Westlaw;

      e.      Telephone – long distance (actual charges only);

      f.      Travel – (following the travel expense guidelines set for the in Section 5 below) – for attorney for deposition, court or legislative including:

            i.      Airfare;

            ii.     Reasonable ground transportation;

            iii.    Hotel;

            iv.     Reasonable meals and entertainment;

            v.      Reasonable other (parking);

      f.      Car rental, cabs, etc.; and

      g.      Secretarial and clerical overtime.

5.      Travel Limitations. Except in extraordinary circumstances approved by Plaintiffs' Lead Counsel or the PSC, all travel reimbursements are

subject to the following limitations:

    a.    Airfare. Only lowest-priced available coach air fare at time of booking (either at restricted coach rates or rates which allow the reservation to rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed.

    b.    Hotel. Hotel room charges must be reasonable.

    c.    Meals. Meal expenses must be reasonable.

    d.    Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

    e.    Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles are available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown only the travel reimbursement form, and only the non- luxury rate may be claimed.

    f.    Mileage. Mileage claims must be documented by stating origination point, destination, total miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 54 cents per mile).

6.    <u>Other Limitations</u>

    a.    Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the litigation.

b.    Shipping, Courier and Delivery charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

c.    Postage Charges: A Contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

d.    Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

e.    In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $.25 per page for black and white copies and $1.00 per page for color copies (color shall be used only when necessary).

f.    Secretarial and Clerical Overtime: An itemized description of the task and time spent must be submitted for secretarial and clerical time. All such overtime must be approved before submission by Plaintiffs' Lead Counsel or the PSC.

g.    Computerized Research – Lexis/Westlaw: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

## VI. GENERAL APPLICABILITY OF ORDER

This order applies to all pending and to each subsequently filed case that becomes part of MDL 16-2731-DLR.

//

//

- 13 -

# VII. <u>COMMUNICATION AMOUNG COUNSEL</u>

This Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendant's counsel is essential for the orderly and expeditious conduct of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendant's counsel shall not be deemed a waiver of attorney client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against Plaintiffs by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine.

Dated this 28th day of November, 2016.

Douglas L. Rayes
United States District Judge

- 14 -