WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Sprouts Farmers Market, Inc. Employee Data Security Breach Litigation<br><br>This Order Relates to: All Actions | No. MDL 16-02731-PHX DLR<br><br>**ORDER** |

Before the Court is Defendant Sprouts Farmers Market's motion to stay this action until the Supreme Court decides a pending case involving issues pertinent to the present action. (Doc. 42.) The motion is fully briefed and the Court has heard oral argument. For reasons stated below, the motion is granted.

The cases brought in this multi-district litigation arise out of a data security breach at Sprouts from an email "phishing" scam that resulted in the disclosure of personal information, including W-2 tax forms and social security numbers, of thousands of Sprouts employees. The master class and collective action complaint asserts a host of claims sounding in tort and breach of contract, as well as statutory claims under both state and federal law. (Doc. 36.) Defendant contends that the claims are subject to individual arbitration agreements that contain class action waivers.

In *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), this Circuit found certain class action waivers to be unenforceable under the National Labor Relations Act. After this action was filed, the Supreme Court granted a petition for certiorari in *Morris. See Ernst & Young v. Morris*, 2017 WL 125665 (Jan. 13, 2017). The parties agree that a

primary issue in this case is whether the class action waivers are enforceable under *Morris* and that the Supreme Court's decision would greatly influence how this case should proceed, either by way of litigation or through arbitration. The parties disagree, however, whether a stay is warranted pending the decision in *Morris*.

**I. Legal Standard**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). The Court must weigh competing interests affected by a grant or denial of a stay, including (1) the possible damage caused by a stay, (2) the hardship to the parties if the suit is allowed to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues from a stay. *Id.* at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

**II. Discussion**

    **A. Possible Damage from a Stay**

Plaintiffs contend that the delay caused by a stay will deprive them of the relief they seek and would result in continuing harm including the need to file taxes via mail rather than electronically, a delay in receiving tax refunds and the ability to spend the money on personal necessities, and the loss of an identity theft protection service provided by Defendant which expired in April 2017. In support of this alleged harm, Plaintiffs have provided a declaration from representative party Sandra Jean Esposito.

This Circuit has made clear that monetary recovery cannot serve as the foundation to deny a stay. *Lockyer*, 398 F.3d at 1110. Although Plaintiffs seek more than just an award of damages and may suffer some continuing harm as a result of a stay, Plaintiffs have not made a sufficient showing that they "will suffer irreparable damage

and a miscarriage of justice" if the case were to be stayed. *CMAX*, 300 F.2d at 268. Despite the alleged ongoing harm, Plaintiffs have not moved for preliminary injunctive relief. This is significant given that Plaintiffs filed this action more than a year ago and affirmatively sought injunctive relief in the complaint, but did not seek a temporary restraining order or a preliminary injunction to prevent the alleged harm. *See Whitworth v. SolarCity Corp.*, No. 16-cv-01540-JSC, 2017 WL 2081155, at *3 (N.D. Cal. May 15, 2017) (plaintiffs' "argument as to delay in any monetary or injunctive relief is unpersuasive").

The Court finds that this factor does not weigh strongly against a stay given that the decision in *Morris* will be made "within a reasonable time in relation to the urgency of the claims presented to the [C]ourt." *Leyva*, 593 F.2d at 864. Moreover, to the extent the arbitration agreements are determined to be unenforceable after the stay is lifted, the Court intends to set a vigorous schedule for resolution of this case and hold the parties to that schedule. *See In re First Solar Derivative Litig.*, No. CV-12-00769-PHX-DGC, 2012 WL 6570914, at *2 (D. Ariz. Dec. 12, 2012) (granting stay where it would not delay the litigation for years and would save overall litigation costs and result in the clarification of issues).

### B. Possible Hardship Absent a Stay

The Court next considers the hardship to Defendant absent a stay. As noted above, there is no dispute that the Supreme Court's decision in *Morris* is central to the arbitration issues present in this case. If the Supreme Court were to overturn this Circuit's decision in *Morris*, the arbitration agreements may be found enforceable and Plaintiffs would be precluded from moving forward with this class action litigation. Without a stay, however, Defendant would be required to defend a large class action that might be rendered moot and unnecessary by the *Morris* decision.

Courts in another district have addressed this same issue, reaching different conclusions. A few courts found an outright stay to be unwarranted given that a decision in *Morris* is months away and discovery would aid both the litigation and any future

arbitration. *See Whitworth*, 2017 WL 2081155, at *4; *Daughery v. SolarCity Corp.*, No. 16-5155-WHA, 2017 WL 386253, at *4 (N.D. Cal. Jan. 26, 2017); *Rivera*, No. 16-CV-05966-LHK, 2017 WL 1862509, at *5 (N.D. Cal. May 9, 2017). Other courts, however, concluded that the possible hardship to the defendant in litigating a suit that may be subject to arbitration outweighs any delay caused by a stay pending a decision in *Morris*. *See McElrath v. Uber Techs., Inc.*, No. 16-cv-07241-JSC, 2017 WL 1862509, at *6 (N.D. Cal. Mar. 30, 2017); *Echevarria v. Aerotek, Inc.*, No. 16-cv-04041-BLF, Doc. 70 (N.D. Cal. April 3, 2017); *Mackall v. Healthsource Global Staffing*, Inc., No. 16-cv-03810-WHO, Doc. 55 (N.D. Cal. Jan, 18, 2017).

In a case consolidated for review with *Morris*, the district court granted a stay because "the potential benefits of arbitration would be lost if a case could proceed in district court while a decision denying a request to arbitrate was pending on appeal." *Lewis v. Epic Sys. Corp.*, No. 15-cv-82-BBC, 2017 U.S. Dist. LEXIS 17624, at *1 (W.D. Wis. Feb. 8, 2017). The Court finds this reasoning persuasive. The worst possible outcome would be for the Court to deny a motion to compel arbitration under *Morris* and order Defendant to litigate this class action, only to have the Supreme Court overturn *Morris* thereby requiring arbitration of the claims. *See id.* The Court concludes that the possible hardship to Defendant weighs heavily in favor of a stay.[1]

**C. Orderly Course of Justice and Interest of Judicial Economy**

The Court must consider whether a stay would facilitate the orderly course of justice by simplifying the issues in the case. *CMAX*, 300 F.2d at 268. The Court finds that a stay is in the orderly course of justice, and in the interest of judicial economy, because the Supreme Court's *Morris* decision may foreclose Plaintiffs' class claims. Thus, granting a stay may conserve resources which could be unnecessarily expended

---

[1] The Court has considered granting a partial stay and allowing discovery to proceed. The parties made clear at oral argument, however, that they do not agree on the discovery that would be relevant to both this litigation and any future arbitration proceeding. Although the Court can resolve discovery disputes in this litigation under the applicable rules of civil procedure, it is not inclined to prejudge or determine what discovery may be appropriate in a potential arbitration.

reviewing the adequacy of the pleadings, resolving discovery disputes, considering class certification, and deciding dispositive motions.

Plaintiff readily acknowledged at oral argument that the Supreme Court's review in *Morris* will greatly influence how this case is to proceed. Indeed, whether this case can proceed as a class action likely turns on the outcome of *Morris*. Regardless of whether the Supreme Court affirms or overrules *Morris*, the issues before the Court will be simplified. *See McElrath*, 2017 WL 1862509, at *6. This factor also weighs in favor of a stay.

### D. Plaintiffs' Response to the Motion to Stay

Plaintiffs devote less than two pages of their response brief addressing whether a stay is appropriate pending a decision in *Morris*. They do not discuss the factors set forth above, and argue only that whether resources would be wasted absent a stay is irrelevant because Defendant has waived its right to file a motion to compel arbitration. (Doc. 45 at 16-17.) Plaintiffs note, correctly, that the parties met and conferred about the possibility of a stay, and as a compromise, agreed to an extension of time for Defendant to file its motion to compel arbitration. (Doc. 38 at 2.) On the date the motion to compel was due, Defendant instead filed the present motion to stay.

Defendant explained in its motion and at oral argument that it had simply determined that the most appropriate relief to seek was a stay of the case pending the decision in *Morris*. (Doc. 42 at 2 n.2.) The Court agrees with Plaintiff that Defendant should have conferred further with Plaintiff before filing the motion and that Defendant did not act in good faith in light of the compromise the parties had reached. The Court cannot conclude, however, that Defendant should be barred from moving to compel arbitration should the decision in *Morris* allow for such a motion. Defendant discussed the arbitration agreements at length in its motion to stay and argued that they are valid and should be enforced absent a stay. (*Id.* at 4-16.) Indeed, like Plaintiffs, Defendant devoted only a couple of pages to the issue of whether a stay is warranted. (*Id.* at 16-17.)

In summary, the Court does not find that Defendant's failure to file a formal

- 5 -

motion to compel arbitration by the March 6 deadline should constitute a waiver on its part or otherwise result in the denial of its motion to stay given the factors discussed above.

**III. Conclusion**

After considering the alleged hardships, the potential length of the stay, and concerns of judicial economy and the orderly course of justice, the Court concludes that these factors weigh in favor of granting a stay. The Court therefore will exercise its discretion and grant Defendant's motion.

**IT IS ORDERED** that Defendant's motion to stay this action (Doc. 42) is **GRANTED**. This action is stayed pending the Supreme Court's decision in *Morris*. The parties shall notify the Court once a decision in the case has been issued. Defendant's request for an extension of time to file a responsive pleading is **DENIED** as moot.

Dated this 24th day of May, 2017.

Douglas L. Rayes
United States District Judge